UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CALDWELL PLUMBING, INC. AND ERIE INSURANCE CO., <br><br> Defendants. | No. 24 C 6849 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

This suit arises out of Caldwell Plumbing, Inc.'s ("Caldwell") alleged default under two settlement agreements with Plaintiffs. After Caldwell filed its answer to the complaint, Plaintiffs moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* R. 21. For the following reasons, that motion is denied.

Plaintiffs take issue with how Caldwell answered certain allegations in the complaint, namely that it "lack[ed] sufficient knowledge to form a belief as to the truth or falsity" of allegations related to: (1) the terms of the Local 130 Collective Bargaining Agreement ("CBA"), Trust Agreements, and the Memorandum of Agreement ("MOA"); (2) the amounts of arrearages revealed in two audits; and (3) the status of default and amounts owed under the settlement agreements. *See* R. 20 ¶¶ 14, 15, 19, 20, 21, 22, 24, 25, 28, 33. "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). But a party's failure "to

1

frankly reply on a matter, which it . . . must have had within its knowledge, exhibits a lack of fairness which completely discredits its statement that it is without knowledge of or information sufficient to form a belief as to the truth of said averment." *Am. Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 746–47 (7th Cir. 1966) (citing *Harvey Aluminum (Inc.) v. N.L.R.B.*, 335 F.2d 749, 758 (1964) ("[A]n answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham. In such circumstances the facts alleged in the complaint stand admitted.")).

Plaintiffs say Caldwell's professed ignorance is a "sham" because the information contained in the allegations at issue is known by or readily accessible to Caldwell. Specifically, a reasonable inquiry into its own records, prior litigation, or public sources would have revealed the necessary information about the various agreements, the audits and arrearages determined thereunder, and Caldwell's default status under the settlement agreements. So, Plaintiffs ask the Court to deem these allegations admitted, and based on those admissions, grant their Rule 12(c) motion.

Caldwell maintains that it truthfully asserted its lack of knowledge about certain provisions of the CBA and MOA, which were not attached to the complaint; the exact arrearages; and the status of default and the amounts owed under the settlement agreements. Caldwell also contests the remedy that Plaintiffs request, i.e., converting its Rule 8(b)(5) denials into admissions, and asks for leave to amend.

2

In the Court's view, Caldwell's answers do not constitute a "bad faith sham," an "obfuscation campaign," or "brinksmanship." *See generally* R. 26. Instead, the Court takes Caldwell at its word that because it is now out of business, it does not have ready access to the decades-old documents or the other information at issue.

Granting Caldwell's request to amend is appropriate here. *Rovico* does not require this Court to deny Caldwell the chance to update its pleading. Nor does *Exch. Nat. Bank of Chicago v. Brown*, No. 84 C 10801, 1985 WL 2274, at *1 (N.D. Ill. Aug. 9, 1985), which involved "insufficient denials" in the context of a motion for summary judgment with uncontroverted affidavits in the record. To the contrary, district courts applying *Rovico* have allowed amendment in circumstances similar to those presented here. *See, e.g.*, *Ty Inc. v. Esquire Licensing, LLC*, No. 1:18-CV-2726, 2019 WL 13084202, at *2 (N.D. Ill. Feb. 21, 2019) (declining to deem defendant's answers admitted and instead giving defendant leave to amend its answer); *Maloney v. All. Collection Agencies, Inc.*, No. 17-CV-1610, 2018 WL 5816375, at *8 (E.D. Wis. Nov. 6, 2018) (allowing defendant to file amended answer and denying Rule 12(c) motion as moot). Such an approach is also consistent with Rule 15(a)(2), which provides that courts should freely give leave to amend pleadings when justice so requires.

Further, allowing Caldwell to amend will not prejudice Plaintiffs. Caldwell's amended answer will, in all likelihood, contain admissions that are dispositive as to Caldwell's liability. *See, e.g.*, R. 20 ¶¶ 23, 27, 34 (Caldwell admitting that it entered settlement agreements after audit findings and has not made payments toward exit audit findings); R. 25 at 3 (Caldwell representing that it is now "defunct"); R. 26 at

3

8–9 (citing payment schedule and default provisions in settlement agreements). And giving Caldwell 14 days to file an amended answer will not unduly delay this litigation. Indeed, it is a much shorter amount of time than it took to brief this motion. The Court notes that the parties could have reached this point in the case much faster had they simply met and conferred about the relevant information.

Therefore, the Court denies Plaintiffs' motion for judgment on the pleadings and grants Caldwell leave to amend its answer. Caldwell shall file its amended answer by April 3, 2025.[1]

ENTERED:

*Thomas M. Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: March 20, 2025

---

[1] As to the amended answer, the Court reminds Caldwell that "demands for strict proof" are "meaningless" and do not comply with Rule 8(b). *See Sun Life Assurance Co. of Canada v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 904 (N.D. Ill. 2013).